**UNITED STATES of America, Plaintiff,**

v.

**TWO PARCELS OF PROPERTY LOCATED AT 185 AND 191 WHALLEY AVENUE, NEW HAVEN, CONNECTICUT With All Appurtenances and Improvements Thereon, Defendants.**

**Claim of Dennis GUREVICH and Central Bank.**

**Civ. No. N–90–603 (WWE).**

United States District Court, D. Connecticut.

Aug. 27, 1991.

Leslie C. Ohta, Asst. U.S. Atty., New Haven, Conn., for U.S.

Richard Lynch, Lynch Traub Keefe and Snow, New Haven, Conn., Emily Roisman, Therese Fitzmaurice, Schatz Schatz Ribicoff and Kotkin, Hartford, Conn., for defendants.

## RULING ON CLAIMANT GUREVICH'S MOTION TO DISMISS

EGINTON, District Judge.

### BACKGROUND

On October 30, 1990, the United States ("Government") filed a Verified Complaint of Forfeiture alleging that Two Parcels of Property ("Property"), located at 185 and 191 Whalley Avenue in New Haven, Connecticut, were used, or intended to be used, to commit or facilitate the commission of a felony in violation of 21 U.S.C. § 801 *et seq.* Subsequently, The Honorable Jose A. Cabranes, United States District Judge, finding probable cause to believe that the property was so used or intended for such use, issued a warrant for an *in rem* arrest and seizure of the subject property.

Claimant Dennis Gurevich ("Claimant") now moves to dismiss the forfeiture action.

For the reasons set forth below, Claimant's Motion to Dismiss the Forfeiture Action will be denied. However, as will be discussed, the Warrant in Arrest *In Rem* will be vacated and this matter will be referred to a Magistrate Judge for a Probable Cause Hearing.

### ARGUMENTS

Claimant argues that the Government's claim is constitutionally infirm because the Government failed to provide Claimant with a probable cause hearing prior to executing the *in rem* arrest warrant on the subject property.

Claimant observes that due process requires notice and an opportunity to be heard before a party is deprived of a property interest. Claimant argues that the *ex parte* attachment of the subject commercial property violates his due process rights because the significance of his property interest in the subject property is substantial. He further contends that a considerable risk of erroneous deprivation exists in the absence of pre-seizure notice and an opportunity to be heard. Finally, he maintains that the Government's interest is minimal because it merely involves an interest in obtaining a pre-notice seizure of a fixed item. He argues that the Government's broader interest in enforcing the drug laws is not implicated because that interest would be adequately served by forfeiture following an adversarial proceeding.

The Government argues that a forfeiture involving commercial property, unlike a forfeiture involving a homeowner's property, does not entitle a claimant to a probable cause hearing. The Government emphasizes that the significance of the property

interest is lessened when, as in the instant case, the property is not the Claimant's home, nor does the property constitute his place of business. Further, the Government contends that the *ex parte* determination of probable cause by a federal judicial officer is sufficient to guard against the risk of erroneous deprivation, and it contends that no justification exists for imposing additional burdensome procedures on either the Court or the Government in this case. Finally, the Government observes that, given the particular circumstances of this case, its interest in pre-notice seizure outweighs the significance of the Claimant's property interest.

## DISCUSSION

 Prior to the deprivation of a property interest, due process generally requires notice and an opportunity to be heard. *See, e.g., Fuentes v. Shevin,* 407 U.S. 67, 81–82, 92 S.Ct. 1983, 1994–95, 32 L.Ed.2d 556 (1972). However, due process " 'is not a technical conception with a fixed content unrelated to time, place and circumstances.' " *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (citation omitted). Postponing notice and the opportunity to be heard may be justified only under extraordinary circumstances, and "[t]he requirement that only extraordinary circumstances can justify the failure to provide a preseizure hearing applies even in the context of a civil in rem forfeiture proceeding." *United States v. Property at 4492 Livonia Road,* 889 F.2d 1258, 1263 (2d Cir.1989).

The Supreme Court employs a three-pronged test in determining "what process is due when the government itself seeks to effect a deprivation on its own initiative." *Connecticut v. Doehr,* —— U.S. ——, ——, 111 S.Ct. 2105, 2112, 115 L.Ed.2d 1 (1991), *aff'g Pinsky v. Duncan,* 898 F.2d 852 (2d Cir.1990). The relevant inquiry requires (1) consideration of the private interest affected by the prejudgment measure, (2) examination of the risk of erroneous deprivation by the procedures used and the probable value of additional safeguards, and (3) the government's interest, including the added burden of providing additional procedural requirements. *Mathews,* 424 U.S. at 335, 96 S.Ct. at 903.

In *Connecticut v. Doehr,* the Supreme Court utilized this threefold inquiry when examining the constitutionality of Connecticut's prejudgment attachment statute. The Connecticut statute permitted prejudgment attachment of real estate without prior notice or an opportunity to be heard. The provision authorized attachment upon a party's *ex parte* showing of probable cause to sustain the validity of the plaintiff's claim, and it did not require a showing of extraordinary circumstances. The Court held that the statute was unconstitutional because "by failing to provide a preattachment hearing without at least requiring a showing of some exigent circumstance, [the statute] clearly falls short of the demands of due process." *Doehr,* —— U.S. at ——, 111 S.Ct. at 2116.

In the instant case, Claimant is the record-holder of two parcels of property in New Haven, Connecticut. Central Bank For Savings holds a mortgage on the property in the original principal amount of $400,000. The parcels contain two commercial buildings, and Claimant had operated businesses on the properties until 1985.

The Second Circuit has noted that " '[a]n expectation of privacy in commercial premises ... is different from, and indeed less than, a similar expectation in an individual's home.' " *United States v. 141st Street Corp.,* 911 F.2d 870, 875 (2d Cir.1990) (citation omitted). However, the Second Circuit has further emphasized that "a commercial interest is *not insubstantial....*" *Id.* at 875 (emphasis provided). Here, the Government's seizure of the subject parcels unquestionably impacts property interests of the Claimant, and such property interests are not rendered insignificant merely because the subject property is commercial rather than residential. Seizure, like prejudgment attachment, "ordinarily clouds title; impairs the ability to sell or otherwise alienate the property; taints any credit rating; reduces the chance of obtaining a home equity loan or additional mortgage; and can even place an existing mortgage in

technical default where there is an insecurity clause." *Doehr*, —— U.S. at ——, 111 S.Ct. at 2113.

This Court is further persuaded that, in the absence of preseizure notice and a hearing, there remains a significant risk of erroneous deprivation. Here, the Government obtained an *ex parte* probable cause determination from a United States District Judge prior to the seizure of the property. However, as the Second Circuit has observed, although a preseizure *ex parte* probable cause determination before a judicial officer "reduces the possibility of an erroneous deprivation, preseizure notice and an opportunity to be heard would certainly further minimize that risk." *Livonia Road*, 889 F.2d at 1265.

The third prong of the Supreme Court's inquiry is the consideration of the Government's interest in the seizure, including the added burden of providing additional procedural requirements. When assessing the strength of the Government's interest, the Court must consider whether this case presents extraordinary circumstances that warrant the postponement of notice and the opportunity to be heard. Admittedly, the Government has an interest in the subject property, although the Government's interest in this case "is the narrow one of obtaining pre-notice seizure of a fixed item like a home, not the broad interest of enforcing the drug laws, since the latter will also be served by forfeiture after an adversary proceeding." *Livonia Road*, 889 F.2d at 1265. To find that exigent or extraordinary circumstances are involved, a court must not only find that seizure was necessary to secure an important public or governmental interest, but that prompt action was necessary.

In *United States v. 141st Street Corp.*, 911 F.2d 870, 875–76 (2d Cir.1990), a drug-related forfeiture case, the Government seized an apartment building pursuant to a warrant that had been obtained by an *ex parte* application to a magistrate. The Second Circuit found that the existence of extraordinary circumstances justified the use of *ex parte* procedures in this case. The court emphasized that drug trafficking was rampant in the apartment building, and that the Government could have reasonably feared that the property would be further used as an instrumentality of crime. The court further reasoned that the high level of ongoing narcotics activity in the building presented an obvious danger to the surrounding community. The court also observed that pre-seizure notice could have hampered efforts to enforce the narcotics laws and could have increased the risk to police officers and to the community.

This Court does not find that such exigent circumstances exist in the instant case. The Government alleges that the subject properties were used in the distribution and use of cocaine from 1981 through 1986. However, the Government has failed to allege any ongoing narcotics activity on the subject parcels, and its allegations do not rise to the level of the "exigent circumstances" that provides the cornerstone of the Second Circuit's decision in *141st Street Corp.* In addition, the defendant property "cannot be moved or readily dissipated," *see Livonia Road*, 889 F.2d at 1265, and the Government does not allege that Claimant intends to transfer, encumber or take any other action concerning the property that would pose an exigency.

Finally, this Court observes that the additional safeguard of a probable cause hearing would not have been unduly burdensome given the facts of this case. The Court notes that on December 10, 1990, a probable cause hearing was conducted before a Magistrate Judge in the related matter of *United States v. One Parcel of Property Located at 225 Nortontown Road*, N–90–602 (WWE). The *Nortontown* case involved the seizure of Claimant's residence, based upon a Verified Complaint of Forfeiture alleging that the defendant residential property was used, or intended to be used, to facilitate the commission of a violation of 21 U.S.C. §§ 801 *et seq.* The Verified Complaint in the *225 Nortontown Road* case was filed on the same day as the complaint in the instant case, and it would not have been unduly burdensome for the Government to request a consolidated prob-

able cause hearing encompassing both matters.

### CONCLUSION

■ This Court finds that the seizure of the subject parcels was in derogation of Claimant's due process rights. However, this Court declines to grant Claimant's Motion to Dismiss the Forfeiture Action. The Second Circuit has emphasized that "the illegal seizure of property, standing alone, will not immunize that property from forfeiture, so long as impermissibly obtained evidence [gained by the improper seizure] is not used in the forfeiture proceeding." *Livonia Road*, 889 F.2d at 1265–66 (citations omitted).

Therefore, Claimant's Motion to Dismiss is DENIED, the Warrant of Arrest *In Rem* is VACATED, and this matter is referred to a Magistrate Judge for a Probable Cause Hearing.